Brevard, J.,
delivered the opinion of the court,
all the judges iserit, Grimke, Waties, Bay, Trezevant, Brevard, and "\Vilds.
Our courts have uniformly allowed discounts of the nature of that which was set up in the present case, as very just and equitable. The contract to convey land, and the contract to pay money, being, in fact, but one entire contract, the whole taking place at one and the same time, and the one being in consi *102 deration of the other, there can he no impropriety, or difficulty, in permitting a breach of the contract on the one side from being set off, against a failure of performance on the other. In the present case the plaintiff sued'for the consideration money, which the defendant bound himself to pay for the land. The defendant contended, that he was not bound, by law, to pay the whole of the money so agreed to be paid, because the plaintiff had not a title to the whole of the land so sold, and could not make a good title to the same ; and that the value of so much of the land as he could not legally convey, ought to be discounted from the price agreed to be paid for the whole. This was done, and very properly done, at the trial. The objection taken on the ground, that the title of land came in question, and that it couldf not be tried in this collateral way, but only in an action brought for that particular purpose, was properly overruled. The act which declares that no claim to lands shall be valid which is not made by suit at law, was not intended to forbid any other method than the action of ejectment, to determine the rights of other parties claiming lands, or the decision of contracts respecting lands, in any other legal way, but only to put a stop to the practice of entering on land, by the mere act of the claimant himself. As to the evidence offered, as it was said, to explain the deed of covenant to convey, that was properly rejected, because it was not offered to explain any ambiguity in the deed, or to ascertain the lines, but to prove a fact inconsistent with the plain meaning and construction of it. The deed is sufficiently clear and explicit. The words used, require no explanation. The land is described by buttings and boundaries, in the plat annexed to the grant referred to; these only were necessary to be ascertained by parol proof. The land which the plaintiff was entitled to convey, does not answer that description. He has sold land which did not belong to him, arid is bound to abate of the price he contracted to receive. It was argued, that until the defendant was legally evicted from the land in question, he could not be entitled to recover over against the plaintiff; but this doctrine, I think, ought not to prevail. It is only necessary in an action of covenant, for quiet enjoyment, to state, or prove, an eviction, by some one having a lawful and better title. The majority of the court are agreed that in this case, it was not incumbent on the defendant to prove a lawful eviction from the fifty acres in dispute, to entitle him to the discount in question. And we are all agreed, that as the plaintiff had sold the land by certain metes and bounds, he warranted the title to all the land within the boundaries set forth and described in the plat referred *103 to; and that the quantity of acres mentioned in the covenant was not the substantial part of the contract, but was incidentally mentioned, and by way of description only.
Thezevant, J.,
did not agree to the opinion expressed, respecting eviction. He was of opinion, that where there is a general warranty of title in a covenant to convey, or conveying land, in fee simple, unless the covenantor expressly covenants that he is lawfully seized in' fee, and has good tille ; that, although in fact, he never was lawfully seized, yet the covenantee has no remedy till after he has been lawfully evicted. Therefore, in the present case, he thought the discount was not supported, inasmuch as no eviction had been proved.
New-trial refused.